UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

PETER M. FOSTER,

                                      Petitioner,

                     v.                                 9:07-CV-0103
                                                                          (LEK/DRH)

GOVERNOR ELIOT SPITZER; COMMISSIONER BRIAN
FISCHER; SUPERINTENDENT DENNIS J. BRESLIN,

                                      Respondents.
_____

APPEARANCES:

PETER M. FOSTER
Petitioner, *pro se*

LAWRENCE E. KAHN, U.S. DISTRICT JUDGE

## DECISION AND ORDER

      By Decision and Order filed March 5, 2007, the Court dismissed Petitioner Peter M. Foster Petition for habeas corpus relief without prejudice to petitioner's right to seek federal habeas corpus relief upon complete exhaustion of his available state court remedies. Dkt. No. 3 at 4. Petitioner appealed that dismissal to the United States Court of Appeals for the Second Circuit. Dkt. No. 5. By Mandate filed April 17, 2007, the Second Circuit dismissed the appeal without prejudice to the appeal being reinstated within thirty (30) days from the entry of an order by this Court granting or denying a certificate of appealability ("COA"). Dkt. No. 9.

      Petitioner has not submitted a request for a COA separate from his notice of appeal in this action. The Second Circuit has held, however, that a notice of appeal may be construed as a motion for a COA. See Marmolejo v. United States, 196 F.3d 377, 378 (2d Cir. 1999) (citing Hooper v. United States, 112 F.3d 83, 88 (2d Cir.1997)). Accordingly, the notice of appeal filed by petitioner is hereby deemed to also constitute

a request for a COA.

Appeals to the Court of Appeals in habeas corpus proceedings are governed by 28 U.S.C. § 2253, which provides in relevant part that:

> (c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from –
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
> (B) the final order in a proceeding under section 2255.[1]

A COA may only be issued "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

After reviewing the file, and for the reasons set forth in the Court's prior Decision and Order in this action, the Court finds that the petitioner has failed to make the showing required for issuance of a COA. Therefore, the Court denies his request.

Turning to petitioner's request to proceed *in forma pauperis* during the appeal of his case, petitioner states that he was recently granted *in forma pauperis* status in state court and seeks to rely on that determination. Dkt. No. 6. However, because petitioner has not previously sought *in forma pauperis* status in this action,[2] and because he has not supported his present application with an affidavit detailing his current financial situation, his request is incomplete and denied without prejudice to renew.

Petitioner also seeks the appointment of counsel. Dkt. No. 6. This request is not properly before this Court and the motion is hereby denied, without prejudice to renew

---

[1] Rule 22 of the *Federal Rules of Appellate Procedure* also provides that an appeal may not proceed "unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." FED.R.APP.P. 22(b).

[2] Petitioner paid the statutory filing fee when this action was commenced.

before the Court of Appeals.

WHEREFORE, it is hereby

**ORDERED**, that the Clerk of the Court docket a copy of petitioner's notice of appeal (Dkt. No. 5) as petitioner's request for a COA; and it is further

**ORDERED**, that petitioner's application for a COA (Dkt. No. 10) is denied; and it is further

**ORDERED**, that petitioner's *in forma pauperis* application (Dkt. No. 6) is denied as incomplete, without prejudice to renew; and it is further

**ORDERED**, that petitioner's request for the appointment of counsel (Dkt. No. 6) is denied, without prejudice to renew before the Court of Appeals; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on the parties.

**IT IS SO ORDERED.**

DATED:   May 24, 2007
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge